RECEIVED
IN ALEXANDRIA, LA.

JUN 1 4 2012

TONY R. MOORE CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LAGORDIAN BROWN                    CIVIL ACTION NO. 1:12-CV-68

VERSUS                             JUDGE DRELL

MICHAEL DOVE, ET AL.               MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se plaintiff LaGordian Brown, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff names as defendants the City of Natchitoches, Chief of Police Michael Dove, and Detective Victor Pinkney. Plaintiff claims that his constitutional rights were violated under the Fourth and Fourteenth Amendments to the United States Constitution.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff was arrested on January 27, 2010, for aggravated kidnaping and aggravated battery. He claims that on January 27, 2010, he received a phone call from a neighbor alerting him that his apartment was being broken into by individuals carrying guns. Plaintiff called 9-1-1 to report the break-in, and he proceeded home. [Doc. #1, p.3] Plaintiff met up with Officer Floyed Evans, Jr., at the Willow Bend Apartments, where Plaintiff resides. Plaintiff began to inventory items that had been stolen, and Evans

went to speak with a group of people standing across the street. Evans found in the group's possession Plaintiff's computer hard drive and MP3 player. [Doc. #1, p.4]

An individual named Rajohn summoned Defendant Pinkney, who lived nearby, to the scene.  Rajohn said that four individuals had committed a battery on him and took his bike and destroyed it. The assailants were the same individuals that broke into Plaintiff's apartment.  Instead of arresting the perpetrators, Defendant Pinkney - for no apparent reason - arrested Plaintiff for aggravated battery and aggravated kidnaping.

Plaintiff was jailed from January 27, 2010 through August 24, 2011, when all charges against him were dismissed.

### Law and Analysis

Plaintiff claims that he was subjected to false arrest, false imprisonment, obstruction of justice, battery, and sexual battery by the defendants.

## I.   False Arrest and False Imprisonment

First, Plaintiff claims he was subjected to false arrest because an alleged witness purportedly told Defendant Pinkney that Plaintiff had acted in self defense and had committed no crime.  He claims that he was falsely imprisoned because he was held in jail without probable cause from January 27, 2010, through August 24, 2011.

In Wallace v. Kato, 549 U.S. 384 (2007), the Supreme Court

concluded that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter ..." and that it would "refer to the two torts together as false imprisonment." Id. at 1095. The Court then noted that "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process," and that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." Id. at 389. "Reflective of the fact that false imprisonment consists of detention without legal process, false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389.   The Fifth Circuit has approved of the application of Louisiana's one-year personal injury statute of limitations for an action under Section 1983.   See Lavellee v. Listi, 611 F.2d 1129 (5th Cir.1980).

Plaintiff was denied bond on January 28, 2010, and was arraigned on **April 23, 2010.** [See 1:12-69, p.8]  Thus, his claim accrued, at the latest, on **April 23, 2010.** Plaintiff had one year, or until April 23, 2011, to file his federal §1983 action for false arrest and false imprisonment. However, this action was not filed until January 10, 2012, well over one year from the date of accrual. These claims are time barred.

## II.  Obstruction of Justice

Plaintiff claims that Defendant Pinkney arrested and confined

3

the Plaintiff in an effort to "obstruct legal action against" the four individuals who burgled his apartment.  This is a conclusory, wholly general allegation that cannot sustain a suit under Section 1983.  See, e.g., Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982)(in the context of a conspiracy allegation, ruling that "more than a blanket of accusation is necessary to support a §1983 claim").  Moreover, to state a claim under §1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978); Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999).  With respect to his claim of obstruction of justice, Plaintiff has alleged no facts to show that he was deprived of a right secured by the Constitution or the laws of the United States.  Finally, even if Plaintiff could state a claim for obstruction under Section 1983, it is clear that the time for filing such a claim had long since expired before he filed suit.

### III. Battery and Sexual Battery

Plaintiff does not claim that the defendants in this case committed a battery or sexual battery against him.  He claims that another inmate inflicted those harms while he was incarcerated at Natchitoches Parish Detention Center.  Plaintiff does not allege that any of the defendants in this case were involved in, knew of,

4

or participated in the incident involving another inmate at the detention center.

## IV.  Claims against Dove and the City of Natchitoches

Plaintiff complains that, prior to January 27, 2010, "the City of Natchitoches Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional right so the persons in the City of Natchitoches". [Doc. #1, p.10] Once again, Plaintiff has presented a conclusory, wholly general allegation that cannot sustain a suit under Section 1983. See, e.g., Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982)(in the context of a conspiracy allegation, ruling that "more than a blanket of accusation is necessary to support a §1983 claim"). Additionally, as stated above, the claim is prescribed.

## V.  Respondeat Superior of the City of Natchitoches

Plaintiff claims that the City of Natchitoches is liable for the actions of its employees.  First, the claim is prescribed. Second, this claim is contrary to law.  In Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978), the Supreme Court held that "governing bodies" cannot be held vicariously liable "solely on the basis of the existence of an employer-employee relationship with a tortfeasor ."

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that the civil rights complaint be **DISMISSED** with prejudice as frivolous pursuant

to 28 U.S.C. §1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this 13ᵗʰ day of June, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE